NAT KAGAN MEAT & POULTRY, INC., et al., Respondents, v IVAN KALTER et al., Doing Business as KALTER & GOTTLIEB et al., Appellants.—In a legal malpractice action, defendants appeal from an order of the Supreme Court, Orange County, dated November 8, 1978, which denied their renewed motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements and the motion is granted. A judicial determination fixing the value of a professional's services necessarily decides that there was no malpractice *(Blair v Bartlett,* 75 NY 150). This rule applies where an attorney seeks a charging lien for services rendered by him in the underlying action (see Judiciary Law, § 475) as well as to a plenary action for nonpayment of attorney's fees. The fact that section 475 of the Judiciary Law involves an *in rem* proceeding, in that the lien applies only to the proceeds of the particular underlying judicial proceeding *(Matter of Regan v Marco M. Frisone, Inc.,* 54 AD2d 1125), does not make said rule inapplicable since the clients against whom the lien is sought were plaintiffs in the underlying judicial proceeding (here foreclosure of mortgages). Parties who are plaintiffs in an action are necessarily to be considered as having personally appeared therein and there is, therefore, personal appearance by them in the proceeding to fix a charging lien, which is ancillary to the underlying action. The fact that Nat Kagan was not a named plaintiff in the underlying foreclosure proceeding (although he was one of the plaintiffs in the malpractice action) is of no moment in this case. The record shows that it is undenied that the Kagan corporation, which was a plaintiff in both the foreclosure and malpractice actions, was essentially the alter ego of Nat Kagan (see *Shire Realty Corp. v Schorr,* 55 AD2d 356). Also, as pointed out by Special Term in the proceeding brought pursuant to section 475 of the Judiciary Law, "Nat Kagan was present in Court at all times that testimony was taken and * * * his attorney consulted with him on the day that the Court suggested the disposition which resulted in the order herein". The "disposition" to which that court referred was agreement by the parties that the charging lien should be in the sum of $32,500. The above is a fortiori applicable where, as is shown in the transcript of the proceeding brought pursuant to section 475 of the Judiciary Law the plaintiffs asserted therein

essentially all of the allegations contained in the malpractice complaint, and the order fixing the attorney's lien stated that the court "had been aware of the malpractice suit then pending in Orange County, and has considered the counterclaims and defenses of alleged malpractice" although said "counterclaims and defenses" were not set forth in a formal pleading in the proceeding pursuant to section 475. We also note that the attorney who represented the plaintiffs both in the malpractice action and in the proceeding wherein they contested defendants' charging lien, acknowledged, in two letters to the court before whom the charging lien proceeding was pending, that that proceeding and the malpractice action presented the same issues. Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.