OPINION ON REHEARING
ANSTEAD, Judge.
By petition for rehearing the appellee has correctly pointed out that the appellant failed to properly raise in the trial court the issue of lack of prejudice as required by our prior decision in McInnis v. State Farm Mutual Automobile Insurance Co., 208 So.2d 481 (Fla. 4th DCA 1968). In our *260 previous opinion we held that there was an issue of fact as to whether the appellee was prejudiced by the appellant’s admitted violation of a policy provision requiring the insurance company’s consent to a settlement with the tortfeasors responsible for appellant’s injuries. McInnis requires that lack of prejudice be specifically pleaded in response to an insurance company’s reliance on such a provision.
Despite the appellant’s failure to properly raise the issue we might still have reversed in the interest of justice to allow the appellant to properly raise the issue since there is evidence of lack of prejudice in the record. See Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla.1971). However, subsequent to our decision herein the Florida Supreme Court has explicitly ruled that such procedure would be improper; Dober v. Worrell, 401 So.2d 1322 (Fla.1981). In Dober the Supreme Court expressly receded from that portion of the Gold Coast Crane Service decision which would have authorized us to remand the case for resolution of the issue of lack of prejudice.
Accordingly, we grant the petition for rehearing, withdraw our opinion of May 13, 1981, and hereby affirm the judgment of the trial court.
LETTS, C. J., and HURLEY, J., concur.