498 So.2d 1026 (1986)
Frances KEESEE, Appellant,
v.
ESTATE OF Richard L. NEELY, Deceased, Appellee.
No. 86-811.
District Court of Appeal of Florida, Second District.
December 12, 1986.
*1027 Robert F. Welker, Temple Terrace, for appellant.
J. Scott Taylor, Tampa, for appellee.
FRANK, Judge.
Frances Keesee and Edith Joan Gunter are the beneficiaries of an insurance policy on the life of Richard Neely. Upon Neely's death each beneficiary received proceeds in excess of $100,000.00. The personal representative of Neely's estate advised both Keesee and Gunter that each was liable for a share of the federal estate tax. Each beneficiary subsequently paid her pro-rata portion of the tax.
The will provides:
I direct my personal representative to pay all expenses incident to my last illness and death, and to pay all estate and inheritance taxes and other governmental taxes and charges, if any, legally imposed on my estate or any part of it; provided however, the payment of any indebtedness or of any tax, except where the payment thereof shall be required by law to be made, shall be left to the discretion of my personal representative.
The relevant statute provides:
The balance of the net amount of the tax, including, but not limited to, any tax imposed concerning gifts in contemplation of death, jointly held properties passing by survivorship, property passing by intestacy, or insurance, shall be equitably apportioned among, and paid by, the recipients and beneficiaries of the properties or interests, in the proportion that the value of the property or interest of each included in the measure of the tax bears to the total value of all properties and interests included in the measure of the tax, except as otherwise directed by the will. § 733.817(1)(e), Fla. Stat. (1985).
Gunter filed a petition with the trial court seeking a determination that the personal representative was required to refund the amount of the tax she had paid. The trial court denied Gunter's petition based upon the will's ambiguous language and concluded that section 733.817(1)(e), Florida Statutes (1985), controlled the payment of taxes associated with the insurance proceeds. Keesee, too, filed a petition seeking the return of the portion she had paid but her petition was filed after the one filed by Gunter. In disposing of Keesee's petition, the trial court concluded that Keesee was estopped by the judgment entered upon Gunter's claim.
Although the trial court reached the correct result, we find that it erroneously relied upon the theory of estoppel by judgment as the basis for denying Keesee's petition.
Estoppel by judgment requires that the real parties in interest in each action be identical. Further, the issue in the case in which estoppel is applied must be identical to the necessary and material issues settled in the prior litigation. Seaboard Coastline Railroad Company v. Cox, 338 So.2d 190 (Fla. 1976).
The present matter lacks the necessary identity of parties to permit application *1028 of the doctrine of estoppel by judgment. Zurich Insurance Company v. Bartlett, 352 So.2d 921 (Fla. 2d DCA 1977). Nevertheless, the motion to dismiss Keesee's petition for the refund of the tax she paid was correctly decided. The ambiguity in the will supports the trial court's reliance upon section 733.817(1)(e), Florida Statutes (1985).
We affirm.
DANAHY, C.J., and LEHAN, J., concur.