**Petition of ROSENMAN COLIN FREUND LEWIS & COHEN for an Adjudication of its Rights in the Matter of**

**Julian SHERRIER, Plaintiff,**

**v.**

**Bernice RICHARD, Defendant.**

**No. 82 Civ. 3723 (RWS).**

United States District Court,
S.D. New York.

Dec. 22, 1986.

Rosenman Colin Freund Lewis & Cohen, New York City, pro se; J. Kelley Nevling, Jr. and Steven M. Dixon, of counsel.

Brown & Seymour, New York City, for defendant; Whitney North Seymour, Jr. and Craig A. Landy, of counsel.

OPINION

SWEET, District Judge.

In this action to establish an attorney's lien, respondent Bernice Richard ("Richard") has moved for an order granting leave to serve and file an amended answer. The motion is granted.

The procedural tactics in this action are fully set out in this court's opinion of September 26, 1986, 644 F.Supp. 858. In sum, Richard has repeatedly maneuvered to have her malpractice claims against Rosenman Colin Freund Lewis & Cohen ("Rosenman Colin") heard in state rather than federal court by voluntarily withdrawing certain counterclaims, moving to have her pending malpractice action remanded to state court, which motion was granted, and moving to stay all proceedings in this case pending a final judgment in the state court action, which motion was denied by this court by opinion of September 26, 1986.

By the present motion, Richard seeks to amend her Amended Answer to add a second affirmative defense, which reads as follows:

> Any monies which may be found to be owing by respondent to petitioner are more than offset by claims of respondent against petitioner for malpractice, breach

of fiduciary duty and breach of contract, which are the subject of a separate proceeding currently pending in the Supreme Court of the State of New York. This defense, essentially identical to the ninth affirmative defense in Richard's Amended Answer, was previously dismissed without discussion in this court's opinion of December 21, 1984. At that time, however, there was no separate proceeding in the state court. At present there is a state court proceeding, which was stayed on October 8, 1986 pending final disposition of the instant proceeding. *See Richard v. Rosenman Colin Freund Lewis & Cohen,* No. 13071/85 (Sup.Ct., N.Y.County Oct. 8, 1986).

Richard asserts that this amendment is necessary to protect her right to set-off against any recovery the Rosenman Colin firm may achieve.[1] Whether or not this would be the effect of such an amendment, this court will exercise its discretion to grant the motion to amend.

It is the policy of the Federal Rules to allow liberal amendment to facilitate determination of claims on the merits. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see Usery v. Marquette Cement Mfg. Co.,* 568 F.2d 902 (2d Cir.1977). A motion to amend a pleading should be freely granted, in the absence of "undue delay," "bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981). Rosenman Colin cites several cases involving unjustifiable delay in which the district court exercised its discretion to deny leave to amend a pleading. *See, e.g., Oreck Corp. v. Whirlpool Corp.,* 639 F.2d 75, 81 (2d Cir.1980) ("although [plaintiff] did raise these claims [of tortious interference] in a related state court action, it apparently made a tactical decision to proceed only on its antitrust claims in the federal court. Under these circumstances

of extended delay and failure to raise initially claims of which [plaintiff] was well aware, we hold that denial of leave to amend was not an abuse of discretion"), *cert. denied,* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981); *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976) ("The appellant, in seeking to add myriad new claims, advances no reason for his extended and undue delay, other than ignorance of the law; such a failure has been held an insufficient basis for leave to amend"); *Reborn Enterprises, Inc. v. Fine Child, Inc.,* 590 F.Supp. 1423, 1449 (S.D.N.Y.1984) ("[T]here is no reason to allow the amendment sought in this case. Lack of diligence is reason enough for this conclusion ... [Plaintiff] has had the facts necessary to make the two new allegations proposed throughout this litigation, but has unduly delayed in asserting them"), *aff'd,* 754 F.2d 1072 (2d Cir.1985); *Sanders v. Thrall Car Manufacturing Co.,* 582 F.Supp. 945, 952 (S.D.N.Y.1983) ("While a court may not properly deny an amendment solely on the ground of delay, where, as here, 'a considerable period of time has passed between the filing of the complaint and the motion to amend, the courts have placed the burden upon the movant to show some valid reason for his neglect and delay.' [Citations omitted]. After considering plaintiff's proffered reasons [based on counsel's failure to appreciate the possible legal grounds for a suit], I do not find that this burden has been met"), *aff'd,* 730 F.2d 910 (2d Cir.1984).

Nevertheless, while this motion has come on the "eve of trial," *State Teachers, supra,* 654 F.2d at 856, Richard is not unjustified in seeking to amend at this late date. Her procedural maneuverings have brought her to the point where a motion to amend is perhaps the only way to get her malpractice claims into state court or into any court at all. If this action, without the set-off, has a *res judicata* effect on Rich-

---

**1.** Frankly, this court is not sure how Richard plans to use this affirmative defense "to have her day in court." By affidavit, Richard's counsel argues that the assertion of set-off here will preclude a finding that the state claims are *res judicata* in the state court action. That issue is not before us.

ard's claims in state court, then Richard's claims might not be heard on the merits. In a manner of speaking, the motion to amend is made necessary by this court's decision on September 26, 1986 and the state court's decision on October 8, 1986, assuring that the federal action will be tried first.

If plaintiffs were prejudiced by such a result, Richard could well expect to have to live with her previous tactical decisions. As it is, however, Rosenman Colin has been on notice throughout that Richard wished to assert malpractice, breach of fiduciary duty and breach of contract claims against it, either in state or federal court. In fact, the parties have agreed that discovery in each action may be used in either action. The mere presence of a state court action in which the subject claims are raised is not enough to mandate the grant of a motion to amend a federal pleading, *see Oreck Corp. v. Whirlpool Corp.*, 639 F.2d 75, 81 (2d Cir.1980); nevertheless, given the result that might otherwise occur, the request to amend will be granted.

IT IS SO ORDERED.