528 So.2d 450 (1988)
Charles Howard NAIL, Appellant/Cross Appellee,
v.
RINKER MATERIALS CORPORATION, a Florida Corporation, Appellee/Cross Appellant.
No. 87-1471.
District Court of Appeal of Florida, Fourth District.
June 29, 1988.
Rehearing Denied August 11, 1988.
*451 H. Dohn Williams, Jr., of H. Dohn Williams, Jr., P.A., Fort Lauderdale, for appellant/cross appellee.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, and Conrad, Scherer & James, Fort Lauderdale, for appellee/cross appellant.
DELL, Judge.
This appeal and cross appeal concern an action for false imprisonment in which a jury rendered a verdict in the amount of $400,000 in favor of appellant. Appellant seeks reversal of an order directing a remittitur in the amount of $300,000 or a new trial. Appellee cross appeals and contends that the trial court erred when it failed to grant its motion for summary judgment based upon res judicata, collateral estoppel and splitting causes of action. Appellee also contends that the trial court should have granted its motion for judgment in accordance with its motion for a directed verdict because there was no evidence to show that appellee instigated the false arrest and imprisonment. We affirm the trial court's order directing a remittitur or a new trial. We find no merit in appellee's argument that the trial court should have granted a directed verdict. The record contains evidence which supports the jury's finding that appellee instigated appellant's arrest. Appellee based its motion for summary judgment solely upon res judicata and collateral estoppel. On appeal, appellee argues for the first time that appellant split his causes of action for malicious prosecution and false imprisonment. We limit our review to the issues presented to the trial court and we affirm as to appellee's arguments based on res judicata and collateral estoppel.
The facts leading to this appeal are as follows. Appellant worked for appellee for twenty-two years as a concrete batchman. On July 13, 1981, just before quitting time, appellant mixed and loaded a batch of concrete into a truck operated by Alan Thorpe for delivery to his home. He claimed that he poured the concrete into a hole five and one-half feet long by five and one-half feet wide with a depth of fifteen inches for use as a footer for an I-beam. Several months later, he decided to pour a fourteen by thirty foot slab approximately four to five *452 inches thick. The slab covered the area of the footer. Appellant obtained the concrete for the slab from another source and three men helped appellant pour and spread the concrete. In 1982, appellee suspended appellant from his job for alleged union activity. At about the same time, Ernest Blount, appellee's director of internal affairs, met with Alan Thorpe. Thorpe gave Blount a statement in which he said that in July of 1981 he delivered eleven yards of concrete to appellant's home but that the delivery ticket only reflected one and one-half yards. When Blount confronted appellant at his home concerning the delivery of concrete, appellant explained the sequence of pouring the slab and asked Blount to examine the slab and confirm that it was poured in two pours, rather than one and that he obtained the concrete for the second pour from another company. Appellant also offered to break off a piece of the slab to show the two pours. Blount accused appellant of stealing the concrete without examining the slab. The next day, Blount met with appellant and threatened to prosecute him unless he paid for the concrete, resigned from the company, and admitted his guilt. Appellant refused and denied that he had stolen the concrete. Blount, a former police chief, prepared an investigation file which he turned over to the police. The police delivered the file to the Broward County State Attorney's Office who instituted criminal prosecution.
On July 25, 1983, a jury found appellant not guilty of the charge of grand theft. Thereafter he filed suit for malicious prosecution and alleged, with more detail, the factual background set forth above. In paragraph thirteen of his complaint he stated:
13. That Blount on behalf of Rinker Materials Corporation and at the direction of M.E. Rinker, went to the City of Pompano Beach Police Department on August 11, 1983, and met with Detective Jay Green for the purposes of instituting criminal prosecution against the plaintiff. Blount provided Detective Green with his entire investigative file. Based upon this, the Broward County State Attorney's Office instituted a criminal prosecution.
He further alleged that appellee maliciously, and with no probable cause, instituted the criminal prosecution. The trial court dismissed appellant's claim with prejudice. Appellant did not appeal. He filed a new complaint for false arrest and false imprisonment. The complaint for false imprisonment alleged the same essential facts as those alleged in the malicious prosecution complaint and that:
Blount requested that the plaintiff be arrested and that criminal prosecution be instituted against the plaintiff.
The City of Pompano Beach Police Department, accepting Blount's assurances and relying on Blount's investigation, presented the matter to the Office of the State Attorney of the Seventeenth Judicial Circuit. The State Attorney, relying on Blount's investigation as presented by the police department, caused an arrest warrant to be issued and instituted criminal prosecution against plaintiff.
Based upon Blount's investigation, the plaintiff was unlawfully charged with the offense of grand theft, and was unlawfully arrested for the offense of grand theft.
Appellee moved for summary judgment based on res judicata and argued before the trial court that the dismissal of the malicious prosecution action constituted a bar to the subsequent filing of the claim for false arrest. The trial court denied the motion.
On cross appeal, appellee claims the trial court erred when it denied its motion for summary judgment. The trial court relied upon Erp v. Carroll, 438 So.2d 31 (Fla. 5th DCA 1983) wherein the appellate court discussed whether a defendant could be liable for both malicious prosecution and false imprisonment. The court said:
Although alike in some respects, actions for false imprisonment and actions for malicious prosecution are distinct and the difference between them appears to relate to the regularity of the legal process under which the plaintiff's interests have been invaded. W. Prosser, Law of Torts, *453 835 (4th ed. 1971). One who maliciously institutes a criminal prosecution is deemed to intend to cause an arrest, which is a normal incident of a criminal prosecution, and the actor is liable for the confinement caused by the arrest only because it is a part of the damages caused by the malicious prosecution. Therefore, unless the defendant takes an active part in the service of a warrant issued as a result of the maliciously instituted criminal prosecution, his liability for the arrest is enforced only by way of greater damages for the malicious prosecution caused by the arrest and confinement.... Notwithstanding that the two causes of action are distinct, because damages for resulting confinement are recoverable in a malicious prosecution action in which the existence of legal authority is implied, while the finding of a false imprisonment based on an arrest implies a lack of legal authority or lawful process, the recovery on one cause of action is generally held to bar recovery on the other when both relate to the same factual event. [footnote omitted].
Id. at 40.
We hold that the trial court did not err when it denied appellee's motion for summary judgment. The issues raised by appellant's cause of action for false arrest are not the same as those raised in the malicious prosecution action thus neither res judicata nor collateral estoppel provide support for a summary judgment.
Appellee also argues that under the facts of this case appellant violated the rule against splitting causes of action by filing separate lawsuits for malicious prosecution and false arrest. However this argument has not been preserved for appellate review because appellee did not properly raise the issue of splitting a cause of action in the trial court. Appellee did not comply with rule 1.510(c), Florida Rules of Civil Procedure, since it failed to state with particularity the rule against splitting a cause of action as a ground in its motion for summary judgment. Epperson v. Dixie Insurance Co., 461 So.2d 172 (Fla. 1st DCA 1984).
The trial court did not have the issue of splitting a cause of action before it and thus this issue is not properly before us on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Putnam v. Government Employees Insurance Co., 409 So.2d 259 (Fla. 4th DCA 1982).
Accordingly, the appeal and cross appeal are affirmed.
ANSTEAD and STONE, JJ., concur.