PER CURIAM.
Appellants, the tenants of a mobile home park, appeal the entry of summary judgment in five consolidated eviction actions. Appellants contend that the eviction notices did not contain any of the exclusive statutory grounds for eviction of mobile home park tenants authorized by section 723.061, Florida Statutes (1985); that the conversion of the land comprising the mobile home park from use as a mobile home park to vacant land, or to no use, is not a “change in use” within the contemplation of section 723.061(l)(d), and; that genuine issues of material fact remain unresolved regarding appellee, the park owner’s, breach of the statutory duties of good faith and fair deal *1161 ing contained in section 723.021, Florida Statutes (1985). We affirm.
Here, the notices of eviction stated:
For many extenuating circumstances, including the decrepit condition of the “A” park, the very high cost of making minor repairs to the water and sewer facilities, and the probability of further restrictive legislation at the state level imposed on owners of mobile home parks, I must regretfully advise you that I wish to vacate the Regency Mobile Home Park. Florida law, in particular, Section 723.061(l)(d), F.S., requires that a six (6) month notice be given to residents of the Park. The six months will expire from the date stated above. Please consider this as your notice of the projected change in use of the land comprising the mobile home park. During the next few months you will need to secure other accommodations.
We disagree with appellant’s argument that the notices were deficient because they did not state the nature of the projected change in the use of the land. Section 723.061 provides, in pertinent part:
723.061 Eviction; grounds, proceedings—
(1) A mobile home park owner may evict a mobile home owner or a mobile home only on one or more of the grounds provided in this section.
(d) Change in use of the land comprising the mobile home park, or the portion thereof from which mobile homes are to be evicted, from mobile home lot rentals to some other use, provided all tenants affected are given at least 6 months’ notice, or longer if provided for in a valid rental agreement, of the projected change of use and of their need to secure other accommodations.[1]
In Brown v. Powell, 531 So.2d 731 (Fla. 4th DCA 1988), we held:
Clearly, the statute does not expressly require the mobile home park owners to specify in the notices of eviction what the nature of the projected change of use of the land will be. Furthermore, there does not appear to be any valid reason for requiring the mobile home park owner to specify the actual change in use in the eviction notice. Thus, we agree with the appellants’ assertion that the trial court erred in finding their notices of eviction failed to comply with section 723.061(l)(d), Florida Statutes (1985).
Id. at 735.
We also hold that the trial court did not err when it concluded that converting the land comprising the mobile home park from use as a mobile home park to vacant land, or to no use, constitutes a “change in use” within the contemplation of section 723.061(l)(d), Florida Statutes (1985). However, we certify the following question to the Supreme Court as being one of great public importance:
IS THE CONVERSION OF LAND COMPRISING A MOBILE HOME PARK FROM USE AS A MOBILE HOME PARK TO VACANT LAND, OR TO NO USE, A “CHANGE IN USE” WITHIN THE CONTEMPLATION OF SECTION 723.061(l)(d), FLORIDA STATUTES (1985)?
Finally, appellants contend that a question of fact exists concerning whether ap-pellee intended in good faith to change the use of the land from mobile home lot rentals to some other use pursuant to section 723.061(l)(d). Appellants claim appellee intended to circumvent the requirements of section 723.071, Florida Statutes (1985), which mandate that a park owner seeking to sell a park give the residents a right of first refusal. Appellants raise this issue for the first time on appeal. Since the trial court did not have the issue of appellee’s alleged breach of the statutory duties of good faith and fair dealings before it, this issue is not properly before us on appeal. See Dober v. Worrell, 401 So.2d 1322 (Fla.1981); Nail v. Rinker Materials Corp., 528 So.2d 450 (Fla. 4th DCA), review denied, 537 So.2d 569 (Fla.1988).
*1162 Accordingly, we affirm the entry of summary judgment in favor of appellee.
AFFIRMED.
DELL and STONE, JJ., and FRANK, RICHARD H., Associate Judge, concur.

. Section 723.061(l)(d), as amended in 1987, requires the mobile home park owner to give all affected tenants at least one year’s notice of the projected change of use and of their need to secure other accommodations,