595 So.2d 175 (1992)
William CARSON, Appellant,
v.
Robin GIBSON, Appellee.
No. 90-03558.
District Court of Appeal of Florida, Second District.
February 21, 1992.
Rehearing Denied March 16, 1992.
*176 Jack F. Durie, Jr., Orlando, for appellant.
Robert A. Hannah of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellee.
RYDER, Judge.
William Carson challenges a final judgment entered in favor of Robin Gibson, arguing that the trial court incorrectly applied the estoppel by judgment doctrine. We agree.
This professional malpractice action arose out of an invention royalties and contract litigation between Carson, represented by Gibson, and Petersen & Petersen Industries. Following its settlement during mediation, disputes arose between Carson and Gibson concerning the amount of Gibson's contingent fee. The trial court conducted a charging lien hearing, and later entered its order.[1] Subsequently, Carson filed the instant action, and the trial court's ultimate entry of summary final judgment in favor of Gibson is the subject of this appeal.
Carson raises numerous issues on appeal. Disposing of the first issue on appeal is all we need discuss. Appellant argues that because the charging lien proceeding was never made a part of the trial court record, the trial court erred in taking judicial notice of it to make the requisite findings for estoppel by judgment. It is well settled that the trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record in the case before it. Kostecos v. Johnson, 85 So.2d 594 (Fla. 1956); Bergeron Land Development, Inc. v. Knight, 307 So.2d 240 (Fla. 4th DCA 1975); Novack v. Novack, 196 So.2d 499 (Fla. 3rd DCA), cert. denied, 196 So.2d 926 (Fla. 1967). The record on appeal shows that appellee attached to his motion for summary judgment an affidavit comparing quotes from portions of the charging lien proceeding with those from the instant case. Copies, not certified, of the amended pretrial stipulation, the final judgment, the initial and reply briefs and the per curiam opinion of the district court were also attached. In order to prove some matter contained in the record of a case other than the one being litigated, a party must offer the other court file or certified copies of portions thereof into evidence in the case then being *177 litigated. Bergeron Land Development, Inc. Appellee argues that he has satisfied the requirements of sections 90.203 and 90.204, Florida Statutes (1989), by stipulating to the judicial notice requested by Carson. A stipulation alone, however, does not provide the evidentiary basis for judicial notice of evidence not otherwise properly before the court. See Kostecos. We conclude that the trial court erred in relying on the papers presented to him to take judicial notice of the proceedings in the other case. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.
NOTES
[1] Carson v. Petersen, 566 So.2d 796, per curiam affirmed (Fla. 2d DCA), writ of mandamus denied, 569 So.2d 1278 (Fla. 1990).