638 So.2d 79 (1994)
William CARSON, Appellant,
v.
Robin GIBSON, Appellee.
No. 92-03961.
District Court of Appeal of Florida, Second District.
February 25, 1994.
Rehearing Denied April 21, 1994.
*80 Jack F. Durie, Jr., Orlando, and Russell S. Bohn, Edna L. Caruso, P.A., West Palm Beach, for appellant.
Robert A. Hannah and Michael C. Tyson, Hannah, Marsee & Voght, P.A., Orlando, for appellee.
ALTENBERND, Judge.
William Carson appeals a final summary judgment entered in favor of the defendant, Robin Gibson. In an earlier appeal, we reversed a similar summary judgment because the trial court improperly relied on documents from another record. Carson v. Gibson, 595 So.2d 175 (Fla. 2d DCA 1992). On remand, the relevant materials were properly added to the record and the trial court again entered a summary judgment. We affirm the judgment because the issues that Mr. Carson raises in his malpractice complaint are issues that he previously raised and lost as affirmative defenses in a dispute over a charging lien.
Carson retained Gibson to represent him in a lawsuit against John Petersen and Petersen Industries. He sued Petersen for damages based upon invention royalties and management services. The case was settled during mediation for an amount in excess of $200,000. Shortly thereafter, a dispute developed between Carson and Gibson concerning Gibson's entitlement to a fee under their contingency fee agreement. Gibson filed a charging lien on November 8, 1988. Carson retained new counsel to represent him in that dispute.
The litigation concerning this charging lien was somewhat exceptional. Carson raised numerous affirmative defenses, which are described in a pretrial stipulation as contentions "in the nature of a counterclaim." These contentions included a theory that Gibson was not entitled to a fee because he coerced or compelled Carson to settle his lawsuit "without adequate counsel with respect to the merits of the action." Carson claimed that Gibson had misevaluated the claim and described these matters as breaches of fiduciary duties.
The evidentiary hearing on the charging lien was not a summary proceeding. It lasted several days and resulted in a twelve-volume transcript. Carson presented extensive testimony concerning the value of his claim against Petersen and his belief that Gibson had breached a fiduciary duty to him by misunderstanding or misrepresenting the value of his case.
Carson did not present any expert testimony from an attorney during his case. However, his attorney explained in closing argument that an attorney's fiduciary duty to a *81 client can be the basis of a "malpractice claim" and that such a fiduciary duty, in his opinion, did not involve a professional standard of care. Accordingly, he believed that the alleged breach of fiduciary duty could be established without testimony from a legal expert.
The trial court entered a final judgment in favor of Gibson in the charging lien dispute. That judgment states: "The record does not support a finding of malpractice or unethical conduct on the part of Robin Gibson." Carson appealed that judgment to this court. Among the issues raised on appeal was the propriety of this finding in the context of a charging lien dispute. Carson argued that it was an unnecessary finding, whereas Gibson argued that the issue had been raised by Carson's affirmative defenses. This court affirmed the trial court without a written opinion. Carson v. Petersen, 566 So.2d 796 (Fla. 2d DCA), petition for writ of mandamus denied, 569 So.2d 1278 (Fla. 1990).
A few days after this court's per curiam opinion in Petersen, Carson filed this action against Gibson. The complaint alleges malpractice, but raises the same factual issues and legal concerns that Carson had raised as affirmative defenses in the charging lien action. The trial court held that the nonjury trial on the charging lien created an estoppel by judgment that precluded relitigation of these matters in this case. Without suggesting that a summary proceeding on a charging lien would necessarily have the same effect, we conclude that the litigation in this charging lien dispute did create an estoppel by judgment.
We recognize that the charging lien was resolved in equity and that Carson's claim of malpractice arises at law. As a result, Carson has lost his right to a jury trial by litigating these issues in the earlier equitable proceeding. There are occasions, however, where a party loses the right to proceed at law by litigating an issue in equity. White v. Kaplan, 449 So.2d 954 (Fla. 3d DCA 1984) (claim for deficiency in equity bars subsequent claim at law). Although we have located no Florida case concerning the estoppel effect of litigation on a charging lien, we note that a New York court has given estoppel effect to a judgment on a charging lien under similar circumstances. Nat Kagan Meat & Poultry v. Kalter, 70 A.D.2d 632, 416 N.Y.S.2d 646 (N.Y. App. Div. 1979). Compare Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., 621 So.2d 507 (Fla. 2d DCA 1993) (claim for malpractice is a compulsory counterclaim to a legal action filed against a client for payment of an attorney's fee).
Carson argues that the charging lien litigation can have no estoppel effect because Gibson expressly refused to stipulate to a joinder of Carson's malpractice claim with Gibson's charging lien in equity. If the issues that Carson wished to litigate in the malpractice action were materially different from the issues actually litigated in the trial on the charging lien, this argument might have merit. We do not construe his malpractice action to have been tried as a true counterclaim in the charging lien trial. The malpractice cause of action was not previously tried and is not barred by res judicata. Instead, the estoppel in this case arises from the fact that Carson chose to litigate as affirmative defenses the same issues that he now wishes to litigate as a malpractice cause of action. Estoppel by judgment or collateral estoppel applies when the identical parties wish to relitigate issues that were actually litigated as necessary and material issues in a prior action. Albrecht v. State, 444 So.2d 8 (Fla. 1984); R.D.J. Enters. v. Mega Bank, 600 So.2d 1229 (Fla. 3d DCA), review denied, 609 So.2d 40 (Fla. 1992); Keesee v. Estate of Neely, 498 So.2d 1026 (Fla. 2d DCA 1986). We have carefully reviewed the record of the trial on the charging lien and the pleadings in this subsequent action. The adverse resolution of the affirmative defenses in the first action created an estoppel by judgment in this case.
Affirmed.
DANAHY, A.C.J., and PATTERSON, J., concur.