807 So.2d 669 (2001)
Christopher G. KELLOGG, Appellant,
v.
FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A., and A. Rodger Traynor, Jr., Appellees.
No. 4D01-43.
District Court of Appeal of Florida, Fourth District.
November 28, 2001.
Rehearing Denied February 28, 2002.
*670 Mark I. Blumstein of Mark I. Blumstein, P.A., Fort Lauderdale, for appellant.
Steven E. Stark, and June Galkoski Hoffman of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, and Sidney A. Stubbs of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees.
GROSS, J.
Christopher Kellogg timely appeals a final summary judgment dismissing his malpractice claim against his former attorneys, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., and A. Rodger Traynor, Jr.[1]
In October, 1997, Fowler White filed suit against Kellogg in Dade County Circuit Court seeking to recover fees for legal services the firm rendered to Kellogg in connection with a bankruptcy proceeding.
Kellogg answered the complaint in November, 1997. As an affirmative defense, Kellogg claimed that Fowler White had committed professional malpractice based on a number of acts and omissions, which entitled him to an offset against any fees owed to the law firm.[2]
*671 Kellogg moved to abate the action on January 12, 1998 arguing that his legal malpractice claim against Fowler White was not yet mature. His grounds were these: Fowler White's suit for fees arose from its representation of Kellogg in a bankruptcy case in the Southern District of Florida; Kellogg had appealed two issues decided against him to the Eleventh Circuit; if Kellogg lost the appeals, he would have a substantial malpractice claim against Fowler White. The trial judge denied Kellogg's motion to abate.
On January 26, 1998, Kellogg moved for leave to file a counterclaim for legal malpractice and to strike the case from the trial docket. The circuit court denied the motions on February 6, 1998.
The case went to jury trial in March 1998. In support of his recoupment affirmative defense, Kellogg introduced expert testimony as to Fowler White's negligence. The court instructed the jury that if it found for Kellogg on this defense, it should determine Kellogg's damages "up to but not in excess of the amounts" it found that Kellogg owed to Fowler White.
The jury found for Fowler White on its breach of contract claim and assessed damages of $6,113.32. As to the defense, the jury found that Fowler White had been negligent and that Kellogg's offsetting damages were $6,113.32. The trial court ultimately entered a final judgment incorporating the jury's verdict on April 17, 2000.
On February 23, 2000, Kellogg filed a malpractice action against Fowler White in Palm Beach Circuit Court. The claimed malpractice arose from Fowler White's representation of Kellogg in the bankruptcy case.
Fowler White's answer raised, inter alia, the defenses of estoppel by judgment, collateral estoppel, and res judicata. The law firm asserted that Kellogg had impermissibly split his causes of action.
Referencing the Dade County case, Fowler White moved for summary judgment. Kellogg's attorney filed an affidavit in opposition to the motion which alleged that at the 1998 hearing on Kellogg's motion to file a counterclaim, Fowler White argued that (1) the legal malpractice claim was not ripe since substantial issues relating to the claim were on appeal to the Eleventh Circuit, and (2) denial of the motion would probably not have a res judicata effect on future claims. The affidavit also indicated that the Eleventh Circuit rendered decisions, both unfavorable to Kellogg, on May 26 and December 10, 1999, over one year after the trial in the Dade County case.
The circuit court granted Fowler White's motion for summary judgment, relying on Carson v. Gibson, 638 So.2d 79 (Fla. 2d DCA 1994).
This case is controlled by the Restatement (Second) of Judgments section 22 (1982), which provides:
(1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).
(2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:

*672 (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or
(b) The relationship between the counterclaim and the plaintiffs claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.
Under subsection (2)(a), the issue in this case is whether Kellogg's malpractice claim was a compulsory counterclaim under Florida Rule of Civil Procedure 1.170(a) at the time Fowler White filed suit at the end of 1997. A counterclaim is not compulsory if it does not "exist at the time the answer is served." TRAWICK, FLORIDA PRACTICE AND PROCEDURE § 12-3, at 216 (2000 ed.). A counterclaim that has not accrued is not mature, so that it is not a compulsory counterclaim within the meaning of rule 1.170(a). See Young v. City of New Orleans, 751 F.2d 794, 801 (5th Cir. 1985) (observing that under Federal Rule of Civil Procedure 13(a), counterclaims that "had not matured" at the time the answer was served were not compulsory)[3]; O'Brien v. Scottsdale Discount Corp., 14 Ariz.App. 224, 482 P.2d 473, 476 (Ct.App. 1971) (stating the "general rule ... that to be the subject of the compulsory counterclaim rules a claim must be mature.").
The cause of action for legal malpractice in this case did not accrue until the conclusion of the appeal process in the underlying bankruptcy proceedings. See Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1065 (Fla.2001); Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla.1990). Therefore, under section (2)(a) of the restatement, Kellogg's cause of action for legal malpractice was not a compulsory counterclaim barred by res judicata. See Lansford v. Harris, 174 Ariz. 413, 850 P.2d 126, 131-32 (Ct.App.1992).
The concept that a counterclaim must be mature to be compulsory under rule 1.170(a) is reflected in Florida Rule of Civil Procedure 1.170(e), entitled "Counterclaim Maturing or Acquired after Pleading." That rule provides that a "claim which matured or was acquired by the pleader after serving the pleading may be presented as a counterclaim by supplemental pleading with the permission of the court." Id. If the rules required an unmatured claim to be filed as a compulsory counterclaim, then rule 1.170(e) would be unnecessary.
A compulsory counterclaim is waived unless it is served in the answer. See, e.g., Lawyers Title Ins. Corp. v. Little River Bank & Trust Co., 228 So.2d 412, 414 (Fla. 3d DCA 1969). It "would be bizarre to attach this sanction to a counterclaim that could not have been filed with the answer because it did not exist when the answer was due." Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 360 (7th Cir.1990) (construing Federal Rule of Civil Procedure 13). Rule 1.170(a) is therefore confined by its terms to "any claim which at the time of serving the pleading the pleader has against any opposing party." Rule 1.170(e) allows such claims to be added later, with the court's permission. The "reason that permission is required is that the course of the litigation may be unduly disrupted if new claims are belatedly injected; in that case permission will be denied and the defendant can bring his claim as an independent lawsuit." Harbor Ins., 922 F.2d at 360-61. Kellogg's claim was not waived nor was it compulsory under rule 1.170(a).
*673 Section 22 of the Restatement leads to the conclusion that Kellogg's legal malpractice case was not barred by the Dade County judgment, because the jury found for Kellogg on his affirmative defense. The unmatured malpractice claim was not a compulsory counterclaim under subsection (2)(a). Kellogg prevailed on his defense at the first trial, so a successful prosecution of the second action would not "nullify the initial judgment" or "impair rights established in the initial action" under subsection (2)(b).[4] This case falls squarely under comment d of the Restatement:
Where the same facts constitute a defense to the plaintiff's claim and a ground for counterclaim, and the defendant sets up these facts as a defense but not as a counterclaim, and after litigation of the defense judgment is given for the defendant, the defendant is not precluded by the rule of merger from maintaining a subsequent action against the plaintiff based upon these facts.
RESTATEMENT (SECOND) OF JUDGMENTS § 22 cmt. d. Having prevailed in the first action on his affirmative defense, Kellogg was free to start an independent malpractice action. See Schwabe v. Chantilly, Inc., 67 Wis.2d 267, 226 N.W.2d 452, 454-55 (1975) (applying section 58 of the Restatement of Judgments, the predecessor of section 22).
As a separate ground for reversal, assuming the facts in Kellogg's affidavit were true, we hold that by its conduct, Fowler White waived its objection to Kellogg bringing a separate malpractice action. Like the rule against splitting causes of action, the requirement that a defendant bring a compulsory counterclaim may be waived. See Nail v. Rinker Materials Corp., 528 So.2d 450, 453 (Fla. 4th DCA 1988) (stating that rule against splitting causes of action not preserved for appeal since not raised in the trial court); Scott v. Rosenthal, 118 So.2d 555, 558 (Fla. 3d DCA 1960), aff'd on other grounds, 150 So.2d 433 (Fla.1961).
Kellogg moved for an abatement or stay until the bankruptcy appeal concluded. He followed the procedure suggested by the supreme court in Blumberg.
If a negligence/malpractice action is filed prior to the time that a client's right to sue in the related or underlying judicial proceeding has expired, or if a negligence/malpractice action is filed during the time that a related or underlying judicial proceeding is ongoing, then the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued.
790 So.2d at 1065. Later, Kellogg sought to file a malpractice counterclaim and remove the case from the trial docket. Fowler White opposed both motions. The law firm is in no position to take legal advantage of the counterclaim's absence from the Dade County lawsuit.
We distinguish Carson, relied upon by the trial court. In Carson, since the client's malpractice claim was mature at the time the underlying charging lien was filed, the malpractice was a compulsory counterclaim. The client in Carson did not seek abatement until his malpractice claim had matured. Unlike Kellogg, the client in Carson did not prevail on his malpractice affirmative defense in the charging lien trial, so the doctrine of collateral estoppel *674 precluded the later malpractice action. See RESTATEMENT (SECOND) OF JUDGMENTS § 22 cmt. c.
REVERSED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] In this opinion, we refer to Traynor and Fowler, White collectively as "Fowler White."
[2] The malpractice defense was one of recoupment, a purely defensive matter springing from the same transaction as the plaintiffs' cause of action, which is available only to reduce or satisfy a plaintiffs' claim. See Metropolitan Cas. Ins. Co. of N.Y. v. Walker, 151 Fla. 314, 9 So.2d 361, 362 (1942). A set-off is an affirmative defense arising out of a transaction extrinsic to a plaintiff's cause of action. Id. at 362-63. A recoupment defense is analogous to a compulsory counterclaim, in that both "spring" from the same transaction as the plaintiff's cause of action. Id.
[3] Florida Rule of Civil Procedure 1.170(a) is patterned after Federal Rule of Civil Procedure 13(a).
[4] Restatement (Second) of Judgments § 22 cmt. f observes:

Ordinarily the conclusion that the subsequent action could not be maintained under Subsection (2)(b) would not be reached unless the prior action had eventuated in a judgment for plaintiff since only in such a case would there be the threat of nullification of the judgment or of impairment of rights to which the Subsection is addressed.