Sam Perry, Jr., Respondent, *v.* Kingston City Transportation Corp., Appellant, et al., Defendants.

Third Department, July 15, 1963.

*Rosen & Rosen* (*Paul Rosen* of counsel), for appellant.

*Rose M. Frederickson, Michael Nardone* and *John R. Davison* for respondent.

Bergan, P. J. In 1944 plaintiff, then 2½ years old, was struck by defendant's bus and injured. Claimant's father was appointed guardian ad litem and the claim was settled in 1948 with the approval of the court at Special Term for $1,000. A release was given. This action is brought by plaintiff for

damages for the injury sustained in the 1944 accident. The complaint makes no reference to the prior settlement and asks no relief in respect of the release. The answer pleads the release as an affirmative defense. No reply has been interposed, and although the effect of this is either " traverse or avoidance " by plaintiff (Civ. Prac. Act, § 243), the parties upon defendant's motion for summary judgment have treated the pleadings as though plaintiff had alleged a mutual mistake of fact and sought rescission of the release.

The papers of plaintiff in opposition to the motion for summary judgment do not show a mutual mistake of fact in the execution of the release. The physician's affidavit submitted in the 1948 application to the court for approval of settlement stated that " there are scars extending around the leg from two inches in width to one-half inch in region of knee joint ". Plaintiff's present affidavit states: " That due to the fact that the scar has subsequent to the accident grown to a large proportion your deponent suffers from the effects of having the scar area of the knee joint continually open up and become ulcerated, from which it bleeds and excretes purulent matter. That in addition thereto your deponent sustains pains throughout the lower right extremity and particularly in the area of the knee joint during inclement weather."

There is a difference between a " failure to appreciate the consequences " of an injury which is regarded as " the sequellae of a known injury "; and a " mistake of fact as to the existence of an injury ". In the former circumstance " the release may not be set aside " (*Gallo* v. *Montenigro*, 17 A D 2d 935). Plaintiff shows only that he or his guardian acting for him mistook the future consequence or effect of the injury. It is clear from the affidavit of the physician in 1948 that the injury itself was known to both parties. No triable issue is shown and the release is a complete defense. (*Mack* v. *Albee Press*, 263 App. Div. 275, affd. 288 N. Y. 623; *Miles* v. *New York Cent. R. R. Co.*, 195 App. Div. 748, appeal dismissed 233 N. Y. 644; *Chicago & N. W. Ry. Co.* v. *Wilcox*, 116 F. 913.)

The order should be reversed and defendant's motion for summary judgment granted, with $10 costs.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order reversed, on the law, and defendant's motion for summary judgment granted, with $10 costs.