429 P.2d 447

Golden HOOPES, Appellant,

v.

Billie Ray LAMB, and John E. Griffin, dba Grand Avenue Union Service, Appellees.

No. 8509.

Supreme Court of Arizona.

In Banc.

June 21, 1967.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, D. W. Grainger, Roger Kaufman, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Elias M. Romley, Curtis A. Jennings, Phoenix, for appellee, Billie Ray Lamb.

LOCKWOOD, Justice.

On October 5, 1962 Golden Hoopes (hereinafter referred to as appellant) filed a personal injury action against Billie Ray Lamb, et al. (hereinafter referred to as appellee). He alleged severe injuries resulting from Lamb's negligent operation of a motor vehicle, which collided with him when he was crossing Grand Avenue, in a marked cross-walk, at the intersection of that avenue with West Moreland and 16th Avenue in the City of Phoenix. The accident occurred on February 15, 1961. The appellant alleged that he suffered compound fractures of the left and right tibias, fractures of the pelvis, and severe bruises, abrasions, and contusions of his whole body. The appellee pleaded in defense a release executed by the parties on March 10, 1961. The trial court granted summary judgment in favor of the defendant and this appeal ensued.

Following the accident, the appellant was taken to Good Samaritan Hospital. X-rays of appellant's legs were taken and in treating the left leg two stainless steel wire loops were passed through the two major pieces of bone in order to hold the tibia in place. Both of the appellant's legs were placed in long casts. After taking a second set of x-rays on February 20, it was discovered that the left leg was not properly aligned. A wedging procedure was undertaken to correct this condition. The appellant's hospitalization at Good Samaritan terminated on March 24.

During the time that he was resident at this hospital he was visited about three or four times by a representative of the appellee's insurance company. On March 10 the parties executed a release. The instrument provided that for a sum of $7,500 the appellant would release the appellee from liability for all injuries, known or unknown, inflicted upon him as a result of the accident. Two thousand five hundred dollars was made payable to the doctors and the Good Samaritan Hospital. Five thousand dollars was made payable to the appellant himself. Two weeks after the execution of the release the appellant entered the Veterans Administration Hospital for treatment. He remained in that hospital for nine months. During his stay at the Veterans Administration Hospital it became apparent that the broken bones in his legs were not growing together properly. This is a condition known as pseudarthrosis or nonunion. In order to make the bones grow together properly, bone graft surgery had to be performed on appellant. He was released from the Veterans Administration Hospital in December of 1961. Approximately nine months after his release from that hospital appellant filed the present action.

There is no contention that the release was a product of fraud or overreaching perpetrated upon appellant by the appellee's insurance company. The only question presented is whether the trial court was correct in granting a summary judgment, determining that as a matter of law there was not a mutual mistake of fact as to the injuries which were sustained by appellant, and that the release was a bar to the action.

Appellant contends that the condition of pseudarthrosis, the formation of a false joint preventing the proper growing together of fractured bones, was an unknown injury at the time the release was executed by the parties and that therefore there was

a mutual mistake of fact which would allow the rescission of the release.

In Dansby v. Buck, 92 Ariz. 1, 373 P.2d 1 (1962) we set forth the general rules governing the rescission of releases. We stated that a release may be rescinded if at the time of contracting the parties did not contemplate coverage of unknown injuries. However, the release would be a complete bar to any action by the releasor if the action is brought to recover merely for the consequences of a known injury. In the present case the release purports to cover both known and unknown injuries. It is unnecessary for us to decide whether the parties to the present agreement intended in fact to cover injuries both known and unknown, for we hold that the facts disclose that the condition of pseudarthrosis is not an unknown injury, but is merely a consequence of a known injury, i. e., the severe fractures in both of the appellant's legs.

An examination of the depositions submitted to us shows that the parties are in agreement that the appellant developed a condition of pseudarthrosis after he signed the release. Both the appellant and his doctor stated that aside from the failure of the appellant's bones to mend properly no other injuries were discovered following the execution of the release.

In a case remarkably similar to the one at bar, the New Mexico Court held that a release could not be set aside when it was discovered that the appellant's broken ulna did not respond to treatment in the manner that had been expected. Mendenhall v. Vandeventer, 61 N.M. 277, 299 P.2d 457 (1956). "There is a difference between a 'failure to appreciate the consequences' of an injury which is regarded as 'the sequellae of a known injury'; and

a 'mistake of fact as to the existence of an injury'." Perry v. Kingston City Transportation Corp., 19 A.D.2d 202, 203, 241 N.Y.S.2d 579, 580 (1963). At the time the release was executed both the appellant and the adjuster knew that the appellant had been severely injured, and that appellant's injuries included multiple fractures. No unknown injuries were discovered by the appellant after the release was executed. It is unfortunate that the appellant suffered this additional complication, but this was a risk he took willingly by agreeing to the settlement at the time that he did.

Both parties have cited to us Dansby v. Buck, supra, as support for their positions. In Dansby the injured party did not know the injuries which she had sustained until after she had signed the release. However, in the case at bar the appellant was fully aware of the injuries which he had sustained; it was only as to the consequences of those injuries that he was mistaken.

Summary judgment should not be entered unless it is clear that there is no genuine issue of fact presented. Luplow v. Pasqualetti Properties, Inc., 101 Ariz. 90, 416 P.2d 414 (1966). It being clear from the depositions of the appellant and his doctor that the appellant did not, after the execution of the release, discover any injuries resulting from the collision with the appellee's vehicle that were unknown at the time the release was executed, there was no genuine issue of fact. Therefore, the granting of the summary judgment was proper.

Affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.