482 P.2d 473

**Alan T. O'BRIEN, Appellant,**

v.

**SCOTTSDALE DISCOUNT CORPORATION and Schenectady Discount Corporation, Appellees.**

**No. 2 CA–CIV 932.**

Court of Appeals of Arizona, Division 2.

March 18, 1971.

Rehearing Denied April 20, 1971.

Shimmel, Hill & Bishop, P. C., by James B. Rolle III, Phoenix, for appellees.

KRUCKER, Chief Judge.

This appeal is from the granting of a summary judgment by the trial court in favor of the appellees (defendants below) on appellees' motion. The parties will hereinafter be referred to as they appeared below; that is, plaintiff and defendants.[1] The basis upon which the trial court ruled was that it found that the complaint filed in the instant case was a cause of action which should have been presented by a counterclaim in an earlier proceeding, filed in 1966 in Maricopa County by the defendants against the plaintiff, and was therefore barred as res judicata as a compulsory counterclaim under Rule 13(a), as amended, Rules of Civil Procedure, 16 A. R.S. The Maricopa County proceeding will hereinafter be referred to as the earlier case; the subject of this appeal, as the instant case.

The factual background of the situation at bar is that the plaintiff was in the mobile home sales business in 1964 and 1965 in Tucson, Arizona. The defendants financed certain aspects of this operation, including floor plan financing of the plaintiff's merchandise before he sold it and retail financing by buying the retail installment contracts the plaintiff obtained upon sales of mobile homes. The plaintiff signed personal guarantees of the retail installment contracts to the defendants.

The earlier action was filed by the defendant Scottsdale in Maricopa County against the plaintiff for, among other things, the plaintiff's failure to pay a balance due ($4,911) on two inventory trust receipts, given to defendant Scottsdale by the plaintiff as a part of the floor plan financing referred to above. This earlier action was filed October 11, 1966,

Stuart Herzog, Tucson, for appellant.

1. Scottsdale Discount Corporation was a wholly-owned subsidiary of Schnectady Discount Corporation at the time of the original financial dealings here, but Scottsdale has since dissolved and its assets were acquired by Schnectady, which is a New York corporation qualified to do business in Arizona. That is, plaintiff made the agreements described herein with Scottsdale, but Schnectady held them at the time of the instant action.

and the answer was filed November 2, 1966. Judgment for the amount of $4,911 was entered against plaintiff on June 26, 1969, after a trial without a jury on June 17, 1969; interest on this amount was granted from October 11, 1966.

The instant complaint alleges, among other things,[2] that the defendants failed to pay approximately $27,000 due plaintiff under retail installment contracts assigned to Scottsdale; that plaintiff had guaranteed certain retail installment contracts assigned to Scottsdale in return for Scottsdale's agreement to provide accurate credit evaluations, to collect the contracts diligently, and to preserve properly all rights under the contracts (defendants deny agreeing to these three alleged agreements); that the defendants hold certain funds[3] as security for these guarantees, and since defendants have breached the agreements (which they deny making), these funds should be released to the plaintiff, the guarantees cancelled and punitive damages should be awarded plaintiff; that defendants are trustees of these funds for the benefit of the plaintiff and have breached their fiduciary relationship by using the funds to their (the defendants') benefit to the end that a court-administered trust of the funds should be set up and punitive damages should be awarded to plaintiff; and, finally, that improper handling of repossessions and resales by defendants occurred and the profits from these resales are due the plaintiff. The plaintiff served interrogatories on the defendants and took depositions of the president of Schenectady and the manager of the Scottsdale office of Schenectady, which was doing business as Scottsdale Discount.

The defendants filed a motion for summary judgment, supported by the affidavit of the president of Schenectady. Defendants attached as exhibits to this affidavit, and incorporated by reference, the complaint, answer and judgment in the earlier case. An opposition, supported by the affidavit of plaintiff, was filed by the plaintiff.

The trial court granted summary judgment on the basis that all the matters in the complaint in the instant case were compulsory counterclaims under Rule 13(a), supra, in the earlier Maricopa County proceeding (as urged in defendants' motion) and, therefore, should have been asserted by plaintiff in that action, stating that the doctrine of res judicata was applicable and citing Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 217 P.2d 923 (1950), and Technical Air Products, Inc. v. Sheridan-Gray, Inc., 103 Ariz. 450, 445 P.2d 426 (1968). The trial court expressly found that:

"* * * the plaintiff's claims arose out of the same transaction as were [sic] involved in Maricopa County Cause Number 190032, that they did not require the presence of the parties who are not or could not be before the Court, that they were not the subject of any other pending action, and that they were in existence at the time of the commencement of Cause Number 190032 in the Superior Court of Arizona, Maricopa County."

The only question here is whether or not the record before us shows the complaint in the instant action consists of matters which were compusory counterclaims, which should have been raised in the earlier case. If so, we must affirm the trial court's granting of summary judgment against the plaintiff.

Rule 13(a), supra, reads as follows:

"Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at any [sic] time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its ad-

2. Certain class action counts, not material to this appeal, were dismissed by the trial court.

3. Dealer Reserve and Special Holdback accounts.

judication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13." [4]

■ The policy behind this rule is the avoidance of "multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Southern Construction Co. Inc. v. Pickard, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); Biaett v. Phoenix Title & Trust Co., supra.

The plaintiff urges that the trial court erred for a number of reasons in ruling that the complaint in the case at bar was the subject of a compulsory counterclaim under Rule 13(a), supra, but, in view of the disposition we make of this appeal, we need not consider these contentions. Suffice it to say that the record here fairly supports all of the findings of the trial court, save one. This is to say that the plaintiff's claims here appear to have arisen out of the same transaction as the matters in the earlier case and that there seems to be a logical relationship between the matters in the earlier case and the instant case. Technical Air Products, Inc. v. Sheridan-Gray, Inc., supra. Further, there is no problem or dispute here as to either the presence or jurisdiction of parties and none as to the pendency of another action.

■ The deficiency in the record in the case before us is the absence of any indication as to the maturity of the plaintiff's claims at the time of the earlier proceeding. The general rule is that to be the subject of the compulsory counterclaim rules a claim must be mature. Local 499, IBEW v. Iowa Power & Light Co., 224 F. Supp. 731 (S.D.Iowa 1964); 1A Barron & Holtzoff, Federal Practice and Procedure § 394 (Wright Ed. 1960); 3 Moore's Federal Practice para. 13.14 (2d ed. 1968). The most similar case we have found to the one before us is New Britain Machine Co. v. Yeo, 358 F.2d 397 (6th Cir. 1966). In that case the court held that even a partially matured claim was subject to foreclosure under the compusory counterclaim rule since any part of the claim which was matured at the time of the earlier case could have been filed as a counterclaim, and then supplemental pleadings under Federal Rules of Civil Procedure 13(e) could be filed as the claims fully matured. The problem before us is the lack of anything from which it can be determined that any or all of the claims presented in the case at bar had matured at the time the plaintiff here served his pleading in the earlier case. In fact, the record here does not even reveal the date on which the plaintiff effected such service. Upon determination of that date, the trial court must undertake to determine the maturity of the plaintiff's claims in the instant case at such time. Of course, if part or all of any of these separate claims had matured, then each respective claim (which had in part or in whole matured) would be foreclosed under the authority of the *New Britain Machine* case.[5]

---

4. Clearly, the word "any", where it appears the second time in this rule, should be "the". This appears to be a codifier's mistake and will be treated as such by this court. Otherwise, this rule is the same as Federal Rules of Civil Procedure 13(a).

5. While the question does not appear to have been passed upon previously, it would seem that elementary fairness

would limit the application of the compulsory counterclaim rule to claims which were in part or in whole matured, and the maturity of which either was known, should have been known, or was fairly discoverable, by the pleader against whom this rule is to be applied (plaintiff here) on the date of the service of this pleader's pleading in the earlier action. We would so limit any application of this rule.

In granting a motion for summary judgment, the trial court must determine that no genuine issue as to any material fact exists. Rule 56(c), as amended, Rules of Civil Procedure, 16 A.R.S.; Hoopes v. Lamb, 102 Ariz. 335, 429 P.2d 447 (1967). In ruling on a motion for summary judgment, the trial court may look to the pleadings, depositions, and affidavits. Knight v. DeMarcus, 102 Ariz. 105, 425 P.2d 837 (1967). We have looked to these portions of the record before us and conclude that the absence of either pleading, deposition, affidavit or answers to interrogatories, with regard to the maturity of the plaintiff's claims, in relation to the time of service of the pleading of the instant plaintiff in the earlier case, results in the existence of a genuine issue of material fact. If there is the slightest doubt as to whether there is an issue of fact, this doubt should be resolved in favor of a trial on the merits. Rodgers v. Ray, 10 Ariz.App. 119, 457 P.2d 281 (1969). Such a doubt, at least, exists here.

Reversed and remanded for proceedings not inconsistent with this opinion.

HATHAWAY and HOWARD, JJ., concur.