850 P.2d 126

**Cecily S. LANSFORD, Plaintiff–Appellant, Cross–Appellee,**

v.

**John D. HARRIS and Jane Doe Harris, husband and wife; John D. Harris, P.C., a professional corporation, Popilek, Evans, Brickman & Harris, P.A., a law firm; John Does and Jane Does I–X, as members of the law firm of Popilek, Evans, Brickman & Harris, P.A., Defendants–Appellees, Cross–Appellants.**

**No. 1 CA–CV 90–388.**

Court of Appeals of Arizona, Division 1, Department ·A.

Oct. 20, 1992.

Review Denied May 4, 1993.

---

Michael J. Dew, Phoenix, for plaintiff-appellant cross-appellee.

Jones, Skelton & Hochuli by Peter G. Kline and Laurence G. Christopher, Phoenix, for defendants-appellees cross-appellants.

## OPINION

GRANT, Presiding Judge.

Appellant Cecily S. Lansford challenges the trial court's grant of summary judgment that dismissed her legal malpractice action because it constituted relitigation of an issue previously litigated and decided against her. In the cross-appeal, appellees Harris (collectively "Harris") argue that the trial court erred in denying their motion for summary judgment asserting that the statute of limitations barred Lansford's claim.

## FACTS

Lansford and her husband filed a joint bankruptcy petition in 1983. Harris represented the Lansfords in litigation concerning the dischargeability of a debt in bankruptcy. In that litigation, the court ruled that the Lansfords' debt to La Trattoria, Inc., was nondischargeable as to both Mr. and Mrs. Lansford.

The Lansfords retained other counsel to represent them in their appeal from the bankruptcy court's judgment. On November 29, 1985, Harris sued the Lansfords to collect fees he claimed they owed him for his representation of them in the bankruptcy matter. In their answer, the Lansfords alleged that the legal services provided by Harris were performed in an incompetent manner and thus that Harris was not entitled to compensation for those services.

The fee dispute was decided by arbitration. Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–133; Local Rules for Maricopa County, Rule 3.10. In his June 11, 1986, decision letter to the parties, the arbitrator concluded that the fee charged by Harris was reasonable and that "the proffered defense of inadequacy of representation is not well-founded." The formal arbitration award in favor of Harris was entered on July 8, 1986.

In the meantime, the bankruptcy appeal proceeded before the United States Bankruptcy Appellate Panel of the Ninth Circuit. By decision filed July 28, 1986, that court affirmed the judgment of nondischargeability as to Mr. Lansford but reversed the judgment as to Mrs. Lansford. The creditor, La Trattoria, appealed to the Ninth Circuit Court of Appeals. *See In re Lansford,* 822 F.2d 902 (9th Cir.1987). In its opinion dated July 22, 1987, the appeals court held that the debt was nondischargeable as to both Mr. and Mrs. Lansford. *Id.* at 905. The court noted that until the case reached the bankruptcy appellate panel, no one involved in the case differentiated between Mr. and Mrs. Lansford and at no time did the Lansfords' attorney ask the bankruptcy court to treat Mrs. Lansford separately. *Id.* at 904. The court concluded that the Lansfords bore the lion's share of the blame for the sparse record regarding Mrs. Lansford's involvement in the preparation of the false financial statement used in the purchase of a restaurant from La Trattoria. *Id.* at 905.

## PROCEDURAL HISTORY

On July 21, 1989, Mrs. Lansford filed her malpractice complaint against Harris and his wife, his professional corporation and the law firm in which he was a partner. In it she alleged that Harris failed and neglected to properly represent her with regard to the dischargeability of a debt of her husband by failing to ask the bankruptcy court to treat her separately from her husband. She further asserted that Harris had never met her or spoken to her nor had he called her as a witness in any proceeding in the bankruptcy matter. She sought compensatory damages in an amount not less than $269,000, the amount of the nondischargeable debt.

Harris sought summary judgment on the grounds that Lansford's claims were barred by the doctrines of *res judicata* and

collateral estoppel and by the expiration of the statute of limitations before Lansford filed her malpractice action. As Harris described it, in his fee collection lawsuit, the Lansfords claimed that Harris had failed to render competent legal services, the arbitrator heard testimony and considered exhibits concerning the fees charged and Harris's competence and the adequacy of his representation of the Lansfords. The arbitrator found that Harris was entitled to all of his fees and rejected the defense of incompetence or inadequacy of representation. Harris argued that because Lansford had already litigated the issue of his competence in representing her, the doctrines of *res judicata* and collateral estoppel applied to prohibit Lansford's malpractice action.

Lansford responded with an affidavit from Michael W. Carmel, the Lansfords' former attorney, in which he attested that in the fee collection lawsuit he did not present any witnesses, testimony, exhibits or other evidence concerning the issue of competence of Harris's representation nor did he otherwise "litigate" the question. Carmel also stated that he deliberately and intentionally refrained from counterclaiming for malpractice in the fee lawsuit because the bankruptcy appeal was still pending in the federal courts and until its resolution he was unable to determine whether Harris had committed malpractice.

In response to Harris's motion for summary judgment, Lansford also noted that in an interrogatory she propounded in the fee lawsuit, she asked Harris to state every seminar and/or educational course he had attended in which bankruptcy issues were covered but that Harris objected to the interrogatory as being irrelevant. She argued that if Harris himself thought the question concerning competence was irrelevant to the proceedings, he could not argue that the issue was litigated. She asserted that the issue of Harris's competence had not been litigated and that at the very least a question of disputed fact existed as to whether the issue had been actually litigated and whether it was necessary to the arbitrator's award.

As to his contention that Lansford's action was barred by the statute of limitations, Harris argued that the alleged legal malpractice occurred in 1984 and 1985 and thus the two-year statute of limitations expired long before Lansford filed her action in July, 1989. Lansford responded that she did not have any damages until the Ninth Circuit Court of Appeals ruled that the debt in question was nondischargeable as to her. Once the court reinstated the debt against her on July 22, 1987, she argued, she suffered ascertainable and fixed damages, and the statute of limitations began to run from that point. In reply, Harris argued that Lansford should be estopped from claiming that she did not know whether malpractice had been committed prior to the exhaustion of her bankruptcy appeals because she had used incompetence of counsel as a defense in the fee arbitration. He further asserted that she was damaged by having to engage in an appeal that allegedly would not have been necessary but for the claimed malpractice, and that although the full extent of her damages might not have been known at that time, some damage had already accrued.

The trial court found that the question of whether Harris negligently represented Lansford was raised in the previous litigation between the parties and resolved by the order of the arbitrator. The court thus concluded that relitigation of that issue was precluded regardless of the degree to which the issue was litigated in the previous case because Lansford had raised the issue, had the opportunity to litigate it and the issue was resolved in favor of Harris. Accordingly, the court granted summary judgment in favor of Harris due to preclusion of the negligence claim.

The trial court further found that Lansford's case was filed within two years of the Ninth Circuit decision that established the amount of damages relating to the malpractice claim. The court therefore denied the portion of Harris's motion for summary judgment relating to the statute of limitations.

Lansford timely appealed from the grant of the motion for summary judgment.

Harris cross-appealed from the judgment denying the portion of his motion for summary judgment regarding the statute of limitations.

## ISSUES

*Appeal:* Did the trial court properly grant summary judgment in favor of Harris because the issue of legal malpractice had already been litigated in the fee arbitration?

*Cross–Appeal:* Did the trial court properly reject Harris's argument that Lansford's claim was barred by the two-year statute of limitations?

## DISCUSSION [1]

■ Because of the inter-relationship of the issues involved we discuss the cross-appeal first.

*Cross–Appeal—Statute of Limitations*

Harris argues that the trial court erred in denying that portion of his motion for summary judgment based on the expiration of the statute of limitations. In this case, there are no disputed facts regarding the running of the statute of limitations, and it is a question of law as to when the limitations period began.

Harris argues that Lansford knew about the alleged legal malpractice at least in early 1986 when the Lansfords raised Harris's alleged incompetence as a defense in the fee action. Her malpractice complaint was filed on July 21, 1989. Thus, if the limitations period began running in 1986, the two-year statute of limitations would have expired before Lansford filed her malpractice complaint, and the trial court should have granted Harris's motion for summary judgment on this ground.

Lansford contends that the trial court's ruling was correct because she did not have any damages from the alleged malpractice until the Ninth Circuit decision was entered on July 22, 1987, and thus because the limitations period did not begin until that date her complaint was filed within the two-year statutory period. She relies primarily on *Amfac Distribution Corp. v. Miller,* 138 Ariz. 155, 673 P.2d 795 (App. 1983), approved as supplemented, 138 Ariz. 152, 673 P.2d 792 (1983).

■ In *Amfac,* this court held that a cause of action for legal malpractice occurring in the course of litigation accrues when the plaintiff knew or reasonably should have known of the malpractice *and* when the plaintiff's damages are certain and not contingent on the outcome of an appeal. 138 Ariz. at 156, 673 P.2d at 796. The court noted that because one of the essential elements of a claim for negligence—injury to the plaintiff—cannot be known in a claim for malpractice in litigation until the litigation is complete, the claim cannot accrue until after the judgment becomes final, that is upon the final appellate decision or the expiration of any available appeals period. Accordingly, the court concluded that the statute of limitations in *Amfac* did not begin running until the date on which the final appellate court decision was entered. *Id.* The Arizona Supreme Court approved this result, agreeing that for legal malpractice cases, the injury or damaging effect on the client is not ascertainable until the appellate process is completed or waived by failure to appeal. 138 Ariz. at 154, 673 P.2d at 794. Therefore negligence alone will not support a cause of action for legal malpractice; actual injury or damages must be sustained.

■ Harris argues that instead of *Amfac,* the applicable case is *Arizona Management Corp. v. Kallof,* 142 Ariz. 64, 688 P.2d 710 (App.1984), which was decided after *Amfac.* In *Kallof,* attorney Kallof drafted a settlement agreement for the appellant. The agreement was executed in

---

1. The statement of facts in appellant's opening brief contains only two references to the record; other references to exhibits attached to the brief are not references to the record. References to the record are required by Rule 13(a)(4), Arizona Rules of Civil Appellate Procedure ("Ariz. R.Civ.P."). We caution counsel that this court may disregard their statements of facts if they fail to comply with Rule 13. *See Flood Control Dist. of Maricopa County v. Conlin,* 148 Ariz. 66, 68, 712 P.2d 979, 981 (App.1985).

1968. When the other party to the agreement refused to perform in accordance with appellant's understanding of the agreement, the appellant sued to enforce the agreement. In 1976, the trial court granted judgment against the appellant, who appealed the adverse ruling. This court affirmed the ruling, and the supreme court denied review on March 13, 1979. The appellant filed its malpractice complaint against Kallof on March 10, 1981. The trial court granted Kallof's motion to dismiss the complaint on the ground that the action was time barred by the two-year statute of limitations.

The *Kallof* court held that the injury or damaging effect occurred on June 6, 1968, the date on which the settlement agreement was entered into. *Id.*,142 Ariz. at 67, 688 P.2d at 713. The court reasoned that it was on that date that the appellant failed to acquire rights which Kallof had represented would be obtained by appellant through the settlement agreement. *Id.* Furthermore, the court explained that the fact that the validity of the lease agreement was not judicially established until the appellate process was exhausted did not change the fact that the appellant was damaged at the time it lost rights because of the alleged negligently drafted settlement agreement. *Id.*

We find it difficult to reconcile the reasoning in *Amfac* and in *Kallof.* However, the *Kallof* court distinguished *Amfac* by noting that *Amfac* was expressly limited to situations in which the malpractice occurred *during the course of litigation.* 142 Ariz. at 68, 688 P.2d at 714. Therefore, we are bound by *Amfac* here as this case arose during bankruptcy litigation. In *Amfac* the court rejected the argument that the statute of limitations should at least have begun to run when Amfac's complaint was dismissed because it suffered damages when it had to post a cost bond and supersedeas bond. The court reasoned that Amfac's loss even as to those costs was completely contingent upon the outcome of the appeal and thus it would not suffer damage until the appeal was concluded. 138 Ariz. at 158, 673 P.2d 798. Thus, the fact that Lansford incurred attorney's fees in the bankruptcy appeal did not constitute sufficient damage to start the limitations period.

In accordance with *Amfac*, Lansford's cause of action did not accrue until the Ninth Circuit decision was entered on July 22, 1987, and the statute of limitations began to run on that date. This result makes sense because even though Lansford knew at the time the Lansfords filed their answer to Harris's fee complaint that Harris may have committed malpractice, as of July 28, 1986, when the bankruptcy appeals panel reversed the nondischargeable debt decision as to her, she had no damages. It was not until the Ninth Circuit reinstated the judgment against her that she knew she was damaged by Harris's alleged negligent representation. Thus, under *Amfac*, Lansford's malpractice complaint was filed within the limitations period, and the trial court correctly denied the portion of Harris's motion for summary judgment regarding the statute of limitations.

### *Appeal—Summary Judgment on Res Judicata/Collateral Estoppel Grounds*

As previously noted the Lansfords' attorney, Michael Carmel, stated that he refrained from counterclaiming for malpractice in the fee lawsuit because the bankruptcy appeal was still pending in the federal courts, and, until its resolution, he was unable to determine whether Harris had committed malpractice. A malpractice claim does not exist on negligence alone— there must also be actual injury or damages sustained. Damages cannot be determined until all appeals have been exhausted when a "litigation" rather than a "transactional" malpractice case is involved. Mrs. Lansford did not have any damages until the Ninth Circuit ruled that the debt in question was nondischargeable as to her. Once the debt was reinstated on July 22, 1987, the damages became fixed and ascertainable and the statute of limitations began to run. Only then did the malpractice action become a mature claim so as to become the subject of a compulsory counterclaim. Compulsory counterclaims are those that arise from the same transaction

or occurrence that is the subject matter of the opposing party's claim. Ariz.R.Civ.P. 13(a). Compulsory counterclaims are subject to the principles of *res judicata. Levin v. Hindhaugh,* 167 Ariz. 110, 111, 804 P.2d 839, 840 (App.1990). In other words, a compulsory counter claim must be asserted against a plaintiff in order to avoid the application of *res judicata. Id.* However, a claim must be "mature" to be compulsory. *O'Brien v. Scottsdale Discount Corp.,* 14 Ariz.App. 224, 227, 482 P.2d 473, 476 (1971). Therefore, in the case before us, the malpractice issue was not even a claim when the "fee claim" case was filed, much less a "mature" compulsory counter claim subject to *res judicata* principles.

Lansford states her issue on appeal as whether the trial court erred in granting summary judgment in the face of Lansford's uncontradicted affidavit that the issue of Harris's competence was never actually litigated in the previous fee lawsuit. She argues that the evidence Harris presented to support his motion for summary judgment did not controvert the sworn affidavit of Lansford's attorney, Michael Carmel, particularly because the arbitrator's decision letter rejecting the Lansfords' defense of incompetence of counsel was an unsworn document that did not refute any of the allegations of Carmel's affidavit.

■ Harris argues that Lansford did not challenge the fact that the arbitrator's letter was unsworn before the trial court and therefore may not make this argument on appeal. On appeal from summary judgment, the appellant may not advance new theories or raise new issues to secure a reversal. *Contempo Constr. Co. v. Mountain States Tel. & Tel. Co.,* 153 Ariz. 279, 282, 736 P.2d 13, 16 (App.1987). *See also Sereno v. Lumbermens Mut. Casualty Co.,* 132 Ariz. 546, 549, 647 P.2d 1144, 1147 (1982) (party opposing summary judgment motion must bring to attention of trial court reasons for denying the motion; trial judge must be given chance to rule on objections before the issues are raised on appeal as grounds to reverse trial court decision). We cannot find in the record any instance in which Lansford argued to the

trial court that it should not consider the arbitrator's letter because it was unsworn. Therefore, we have not considered this argument on appeal.

We have considered, however, whether Carmel's affidavit was sufficient to either prove that the competence issue had not been litigated or to at least make this question one of disputed fact. This affidavit goes to the issue, previously discussed, of whether Harris's competence was raised as a defense in the fee arbitration and thereby precluded Lansford's legal malpractice action. As we have stated the issue was not a compulsory counterclaim in the fee dispute so as to be subject to *res judicata* principles.

■ The question of whether the issue was actually litigated in the previous proceeding is the one on which the parties most strongly disagree. An issue is actually litigated when it is properly raised by the pleadings or otherwise, is submitted for determination, and is determined by a court of competent jurisdiction. *Chaney Bldg. Co. v. Tucson,* 148 Ariz. 571, 573, 716 P.2d 28, 30, citing Restatement (Second) of Judgments § 27, comment d.

■ The Lansfords raised the issue of Harris's competence in the fee lawsuit when they affirmatively alleged in their answer that Harris "was hired to render legal services in a competent and diligent manner, and Defendants affirmatively allege Plaintiff, to the extent legal services were provided at all, said legal services were provided in an incompetent manner." Thus, the issue of Harris's competence was raised by the pleadings in the fee lawsuit.

As to the question of whether the issue of Harris's competence was actually submitted for determination, Carmel attested that he did not "litigate" the issue. The Lansfords' list of exhibits includes the opening, responding and reply briefs in their bankruptcy appeal, the transcript of Lansford's deposition taken in the bankruptcy proceeding, Harris's file containing cases researched for the bankruptcy matter, and all pleadings filed with the bankruptcy court in the Lansfords' bankruptcy. Although these could have been used to show whether the work done by Harris

merited the fee he was seeking, they could also have been used to show whether his representation was competent.

The arbitrator found that the defense of inadequacy of representation was not well-founded. Harris argues that to make this finding, the arbitrator must have considered some sort of evidence of the competence—or incompetence—of Harris. Thus, claims Harris, despite Carmel's affidavit, there is sufficient undisputed evidence in the record to support the trial court's conclusion that Lansford's malpractice claim against Harris was precluded because Lansford previously raised the issue, had the opportunity to litigate it, and the issue was resolved against Lansford in the fee arbitration.

This argument ignores the fact that the malpractice claim was not yet mature. Furthermore, if the malpractice claim had been asserted as a counterclaim it would have taken the matter beyond the $30,000 limit for an arbitration. *See* Uniform Rules of Procedure for Arbitration, Rule 1(e)(2); and Local Rules for Superior Court, Maricopa County, Rule 3.10. We hold that Lansford was not precluded from litigating Harris's legal malpractice because the issue was not litigated before the arbitrator. No relief was possible before the arbitrator because the malpractice claim was not a compulsory counter claim in the fee dispute arbitration as malpractice was not yet a mature claim. Ariz.R.Civ.P. 13(a). Therefore there was no final, valid decision on the merits of the malpractice claim because the issue was outside the scope of the arbitration.

For the reasons set forth in this opinion we reverse the order granting summary judgment on the ground of *res judicata* or collateral estoppel and remand this case for further proceedings not inconsistent herewith. We affirm the trial court's denial of Harris's motion for summary judgment on the ground of the statute of limitations bar.

LANKFORD and TOCI, JJ., concur.