NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

DENNIS DUFFY and KATHLEEN DUFFY, *Plaintiffs/Appellants*,

*v.*

RONALD PEARSON and YVONNE PEARSON, *Defendants/Appellees*.

No. 1 CA-CV 21-0452
FILED 5-5-2022

Appeal from the Superior Court in Apache County
No. S0100CV202000157
The Honorable Garrett L. Whiting, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Cheri L. McCracken Attorney at Law, Phoenix
By Cheri L. McCracken
*Counsel for Plaintiffs/Appellants*

Larson & Simpson, PLC, Lakeside
By John Salskov, Gregory J. Larson
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

_____

**P A T O N**, Judge:

¶1        Dennis and Kathleen Duffy ("Duffy") appeal the entry of judgment for Ronald and Yvonne Pearson ("Pearson"). We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The subdivision of Pinecrest Mesa, located in Nutrioso, Arizona, is subject to Covenants, Conditions, and Restrictions ("CC&Rs") recorded in 1965. Pearson purchased a lot in the subdivision in August 2016, acknowledging the CC&Rs. Pearson ordered a new manufactured home that was delivered to the lot in 2020.

¶3        Pearson hired Black Pearl Construction, LLC ("BPC") to place the home on the lot. BPC used concrete and cinder blocks to create a foundation and stem wall reinforced by rebar, connecting the home to the foundation. In October 2020, Pearson recorded an Affidavit of Affixture certifying that the manufactured home was permanently affixed to the lot. After inspecting the home's slab and footing, an Apache County inspector issued Pearson a Certificate of Occupancy.

¶4        Meanwhile, in September 2020, Duffy, who owned a lot in the same subdivision, filed a complaint against Pearson, alleging Pearson violated the CC&Rs by "fail[ing] to construct or assemble a permanent residential structure on the lot" and that Pearson's "mobile home can be removed at any time." Duffy requested a preliminary injunction seeking, among other things, "[r]emoval of [the] mobile home or conversion to [a] permanent residence complying with the requirements in the CC&Rs." After a hearing, the superior court denied the preliminary injunction, noting that construction was essentially complete.

2

**¶5**      In January 2021, Pearson filed a motion to dismiss the complaint and asked that it be treated as a motion for summary judgment. *See* Ariz. R. Civ. P. 12(d) (when a motion to dismiss includes matters outside the pleadings, it must be converted to a motion for summary judgment). Pearson argued that the home complied with the CC&Rs and that Duffy's claim was based on the incorrect notion that no foundation was constructed under it. Duffy filed a response arguing that "a mobile home simply surrounded by concrete" does not comply with the CC&Rs and does not constitute a foundation.

**¶6**      The superior court held oral argument on Pearson's motion, at which time Pearson again asked the court to treat it as a motion for summary judgment. Pearson argued that Duffy was trying to insert the word "mobile home" into the CC&Rs where it did not exist. Duffy contended the home violated the CC&Rs because it was attached to a "decorative wall" rather than a foundation.

**¶7**      The superior court granted Pearson's motion for summary judgment, finding the home complied with the CC&Rs and noting the CC&Rs did not mention or attempt to regulate "mobile" or "manufactured" homes. *See* Ariz. R. Civ. P. 12(d); *see also Smith v. CIGNA HealthPlan of Ariz.*, 203 Ariz. 173, 176, ¶ 8 (App. 2002) (motion converted when extrinsic matters presented and considered in the superior court's ruling) (citation omitted). The court later entered judgment for Pearson and awarded Pearson attorneys' fees and costs.

**¶8**      Duffy timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶9**      We review a grant of summary judgment de novo and view the evidence and reasonable inferences in the light most favorable to the opposing party. *Brookover v. Roberts Enters.*, 215 Ariz. 52, 55, ¶ 8 (App. 2007) (citation omitted). We review the record and consider only evidence presented when the superior court considered the motion. *Id.* (citation omitted).

**¶10**     Summary judgment is warranted if the movant "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The motion should be granted if the facts supporting the claim have so little probative

value given the quantum of evidence necessary, such that a reasonable person would not concur with the proponent's asserted conclusions. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

¶11         On appeal, Duffy argues (1) the superior court erred in determining Pearson's home complied with the CC&Rs and in granting summary judgment in Pearson's favor and (2) improperly awarded Pearson attorneys' fees and costs.

**I.      The superior court did not err in finding the home did not violate the CC&Rs and granting summary judgment in Pearson's favor.**

¶12         A person who purchases property subject to CC&Rs enters a contract with other lot owners in the subdivision. *Ahwatukee Custom Ests. Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000) (citation omitted). Although we are bound by the superior court's findings of fact, absent a determination that such findings are clearly erroneous, we review contract interpretation de novo because it presents questions of law. *Id.* (citation omitted); *see ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 15 (App. 2010) (citation omitted).

¶13         "[W]hen a restrictive covenant is unambiguous, it is enforced so as to give effect to the intent of the parties." *Powell v. Washburn*, 211 Ariz. 553, 556, ¶ 9 (2006) (citation omitted).   When construing contractual language, this court presumes "the parties intended to give the words employed their ordinary meaning and that the language used was placed in the contract for a specific purpose." *Tucker v. Byler*, 27 Ariz. App. 704, 707 (1976) (citation omitted).   This court must give effect to the unambiguous language of a contract. *Hadley v. S.W. Props., Inc.*, 116 Ariz. 503, 506 (1977) (citation omitted).

**a.   CC&R #4**

¶14         Duffy argues the Pearson home violates CC&R #4, which outlines various foundational and structural requirements.  Two provisions of CC&R #4 provide the basis for Duffy's argument.

¶15         The first provision requires that "[a]ll buildings shall be of new construction and shall be constructed or assembled on the lot."  Duffy claims the home violated this requirement because it was delivered in two pre-assembled parts and thus was not constructed or assembled on the lot.

**¶16** The CC&Rs do not define "constructed" or "assembled." Although Duffy and Pearson disagree on the meaning of the terms, this does not create ambiguity. *See Shanks v. Davey Tree Surgery Co.*, 173 Ariz. 557, 560 (App. 1992) ("The fact that the parties disagree as to the meaning of [a contract's] provisions, however, does not in itself create an ambiguity in the contract.") (citation omitted). As such, we turn to a dictionary to determine the plain meaning of the terms. *W. Corr. Grp., Inc. v. Tierney*, 208 Ariz. 583, 587, ¶ 17 (App. 2004) ("To determine the plain meaning of a term, we refer to established and widely used dictionaries.") (citation omitted).

**¶17** "Construct" is defined as "to build or form by putting together parts; [to] frame; [to] devise." *Construct*, Random House Webster's Unabridged Dictionary (2d ed. 2001). "Assemble" means "to put or fit together; [to] put together the parts of." *Assemble*, Webster's, *supra*. Here, delivery of the home did not complete construction because the two halves had to be put together and the structure affixed to the foundation. The record reflects BPC constructed or assembled the two parts of the manufactured home after they were delivered to the lot. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 15 (App. 2000) (a party opposing a motion for summary judgment must identify specific facts indicating a genuine issue for trial) (citation omitted). Thus, the first provision of CC&R #4 was met.

**¶18** The second provision of CC&R #4 provides that "[m]ain dwelling houses are to be constructed with footings and solid concrete or cinder-block foundations." Duffy argues the stem wall did not meet the foundation requirements of the CC&Rs or the Apache County building codes.

**¶19** Concerning the footing requirement, nothing in CC&R #4 requires footers to be either constructed before the assembly of the home or to be 18-inches deep, as Duffy contends. Duffy appears to rely on Apache County building codes, but they are not incorporated by reference into the CC&Rs. *See United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 258 (App. 1983) (to incorporate a writing by reference, "the incorporating instrument must clearly evidence an intent that the writing be made part of the contract.") (citation omitted). The CC&Rs require the home to be constructed with footings, which the evidence shows occurred here.

**¶20** The evidence also shows the Pearson home was constructed with a concrete or cinder-block foundation as required by CC&R #4. *See Construct*, Webster's, *supra*. After reviewing photographs of the lot, the court asked Duffy's counsel whether Duffy was disputing that the photographs depicted concrete and concrete blocks, to which Duffy's counsel responded, "[w]e don't dispute that they're concrete or concrete blocks. They don't meet either the CC&R requirements or the [Apache] [C]ounty building code for a home that is not a trailer." Again, any reference to the Apache County building codes is irrelevant to interpreting the plain language of the CC&Rs. *See United Cal. Bank*, 140 Ariz. at 258. The evidence shows the home has a concrete or cinder-block foundation per the CC&R #4 requirement.

### b. CC&Rs #2, #3, #5, and #9

**¶21** "[A] party must timely present his legal theories to the trial court so as to give the trial court an opportunity to rule properly." *Payne v. Payne*, 12 Ariz. App. 434, 435 (1970) (citation omitted). Arguments not sufficiently presented below raised for the first time on appeal are waived due to their untimeliness. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 15 (App. 2004) (citing *Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977)). "On appeal from summary judgment, the appellant may not advance new theories or raise new issues to secure a reversal." *Lansford v. Harris*, 174 Ariz. 413, 419 (App. 1992) (citation omitted).

**¶22** Duffy asserts that the home does not comply with CC&Rs #2, #3, #5, and #9. Duffy's complaint alleged the following:

> Defendants have failed to construct or assemble a permanent residential structure on the lot which is adjacent to Plaintiff's lot. Defendants' mobile home can be removed at any time. If Defendants are permitted to violate the CC&R's, other mobile homes will show up and cause additional devaluation of the property and loss of enjoyment. The CC&R's clearly intended to stop the placement of mobile homes regardless of size due to the specific requirements as set forth in paragraph 10 above.

Paragraph 10 quoted language from CC&R #4. Thus, Duffy's allegations were based only on alleged violations of CC&R #4. The remainder of Duffy's complaint merely quoted language from CC&Rs #2, #3, #5, and #9 to support this contention but failed to allege any violation of these provisions. Because Duffy only advanced arguments regarding CC&R #4

before the superior court, he has waived arguments relating to the other CC&R provisions here. *See Mitchell v. Gamble*, 207 Ariz. 364, 369-70, ¶ 16 (App. 2004) (appellate courts have the discretion to address theories raised for the first time on appeal) (citation omitted).

**¶23**　　　　The superior court's ruling discusses the requirements in CC&R #4, except the issue of "setback." CC&R #5 outlines the setback requirements. We do not believe this brief mention supports the conclusion that Duffy adequately raised the issue below.

**¶24**　　　　Even assuming it was adequately raised below, however, Duffy has waived any arguments relating to CC&R #5 on appeal by failing to develop them in the briefing. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question.") (citation omitted). Arizona Rule of Civil Appellate Procedure 13(a)(7)(A) requires that opening briefs contain "appropriate references to the portions of the record on which the appellant relies." Duffy provides none. Specifically, Duffy's only mention of CC&R #5 in its opening brief is to quote the language and state in a header that "[t]he mobile home did not comply with CC&R #5."

## II.　　　Attorneys' fees and costs were properly awarded to Pearson.

**¶25**　　　　Reasonable attorneys' fees and costs are available to the successful party in a breach of contract action. A.R.S. §§ 12-341, -341.01. We consider whether the award of attorneys' fees was an abuse of discretion. *Orfaly*, 209 Ariz. at 265, ¶ 18 (citation omitted). An award of fees is not disturbed "if there is any reasonable basis for it." *Id.* (citation and internal quotation marks omitted).

**¶26**　　　　Pearson was the prevailing party, and the superior court was within its discretion to award attorneys' fees and costs. We find the record supports this decision and will not disturb it on appeal. *See Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (a superior court does not abuse its discretion unless no evidence supports the court's conclusion or the reasons the court provides are "clearly untenable, legally incorrect, or amount to a denial of justice.") (citation omitted).

**¶27**　　　　Pearson requests attorneys' fees and costs on appeal under A.R.S. §§ 12-341 and -341.01. We award Pearson attorneys' fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341.

## CONCLUSION

¶28        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA